# IN THE UNITED STATES DISTRICT COURT

# FOR THE

# DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re: SENATE DOC. 43 OF THE 73RD CONGRESS, 1ST SESSION<br>1010 SOUTH LIBERTY AVE.<br>ALLIANCE, OH  44601<br>**PLAINTIFF**<br><br>VS.<br><br>FEDERAL RESERVE BANK OF RICHMOND<br>701 E. BYRD STREET<br>RICHMOND, VA  23219<br>**DEFENDANT** | )<br>)<br>) **MISCELLANEOUS CASE**<br>) **FILING BY PLAINTIFF FOR**<br>) **DIRECT ACCESS TO CASH**<br>) **DISBURSEMENTS BY THE**<br>) **DEFENDANT**<br>)<br>)<br>)<br>) |

## **MISCELLANEOUS CASE FILING**

**Now Comes** Senate Doc. 43 of the 73rd Congress, 1st Session; hereinafter ("Plaintiff"/**Marked as Exhibit 'A'**) as a Miscellaneous Case filing on behalf of its Federal Reserve Bank (**Marked as Exhibit 'C'**) for direct access to cash disbursements by the Federal Reserve Bank of Richmond; hereinafter ("Defendant").  Relief sought is Sixteen Billion Six Hundred Eighty Million One Hundred Thousand ($USD16,680,100,000.00) Dollars that consists of the Currency Transaction Report (Receipt RM24-01501201) filed by Plaintiff's Federal Reserve Bank on May 26, 2024 with the Treasury Financial Crimes Enforcement Network (FinCEN).  Applying a discount of (.0001) creates an upfront cash advance of One Million Six Hundred Thousand ($USD1,600,000.00) Dollars to expand and contract credit on demand now due and owing by the Defendant.  This

1

value may be transferred by FedWire service to accounts held by Plaintiff's Federal Reserve Bank. Plaintiff's submission is to revolve its derivatives in compounded interest for its Federal Reserve Bank until this United States obligation is satisfied. Moreover, this miscellaneous proceeding is to analyze retail products at national banking institutions that does not afford Plaintiff's Federal Reserve Bank the right to exercise independent banking, despite having a Central Bank license **(Marked as Exhibit 'B')**, which has caused injury. The nucleus of this miscellaneous claim is the passing of Senate Doc. 43 of the 73rd Congress, 1st Session that does not permit the Defendant or this Court to individualize the Plaintiff's Federal Reserve Bank with frivolous arguments and case law(s) that are reserved with Civil proceedings. Civil matters become conflicts of interest to the instant matter that deals with a system predicated on Capitalism. **There can be no declarations of "highly unintelligible" understandings concerning the claim(s) made herewith by Plaintiff on behalf of its Federal Reserve Bank and the usurpation of credit by this debt-based system. The ascertaining of facts surrounding Plaintiff and its claim(s) of Senate Doc. 43 of the 73rd Congress, 1st Session as it relates to Defendant's money system of credit is the boldest illustration of usurpation of credit. Motion(s) for Dismissal of the Plaintiff's claims amounts to an inability to be accountable to the Federal Mandate in terms of where property ownership resides, which is a fraudulent act. Therefore, this miscellaneous proceeding amounts to an immediate Motion to this Court for Default Judgment by Silent Acquiescence of the Defendant within 72 hours, Pursuant to Rule 55 FRCP.** Using individual case law(s) only adds to the conflict-of-interest factor, simply because Senate Doc. 43 of the 73rd Congress, 1st Session forfeited the individual's right to property ownership to regulated National banks and other mortgage lenders. Only persons with Federal Reserve and/or Central Bank licensing may

2

introduce the federal mandate of Senate Doc. 43 of the 73rd Congress, 1st Session that holds each State accountable through the Attorney General's office. For the record, the term "non-bank" means Plaintiff's Federal Reserve Bank does not accept cash deposits from the public. The term does **NOT** disqualify Plaintiff's Federal Reserve Bank as non-existent, but rather the preferred unincorporated and unregulated bank over regulated banks that cannot place unsecured debt on deposit to its accounts (**Bold Underlined Emphasis Added**).

Plaintiff's mandate of Senate Doc. 43 of the 73rd Congress, 1st Session to protect its Federal Reserve Bank from miscarriages of justice is as follows: "**The ultimate ownership of all property is in the State; individual so-called "ownership" is only by virtue of Government, i.e. law, amounting to mere "user" and use must be in accordance with law and subordinate to the necessities of the State.**" This includes the property address listed by the Plaintiff in the instant matter.

This passage grants Plaintiff's Federal Reserve Bank direct access to real property and the value(s) therewith for conversion to cash products. Included in the corporate Merger is the approval from the Ohio Attorney General's office for the JPMBT CORP for Community Improvements. Property and assets of the JPMBT CORP are now deemed acquired by the Federal Reserve System. Accompanying such approval is the application made by the Plaintiff's Federal Reserve Bank that highlights corresponding issues herein that will not rely on public charitable support being a private foundation. Defendant will have to support its defense by showing the National product of the Federal Reserve Note (FRN's) is in fact circulated as lawful money (credit) and doesn't require tax filing requirements with the Internal Revenue Service (IRS) for its daily use. Defendant will also have to show that its national product does not bring tax liability on the

3

Federal Reserve itself due to each distributed note consisting of a DUAL account ledger. Defendant will then have to show that despite the passing of the Federal Reserve Act of 1913 and the hidden facts behind it, that the Act gives Congress or the Treasury the ability to print money backed by gold and/or silver that is not deemed fiat money (IOU's) backed by nothing other than being public debt and tax deferred interest in the reduction of the national debt. **Also, in the same year, the IRS was created as the independent debt collection agency to the Federal Reserve.** *If in fact the Defendant's contention is that the U.S. Treasury prints the money and not the Federal Reserve itself, then evidence must be presented that Article I Section 10 Clause I of the U.S. Constitution is still legally binding on the States that uses gold and/or silver Coin to back money as the medium of exchange----No State shall enter into any Treaty, Alliance, or Confederation; grant Letters of Marque and Reprisal; coin Money; emit Bills of Credit; make any Thing but gold and silver Coin a Tender in Payment of Debts..........[ ]. By a contrived system of reverse financing, allegations against the Federal Reserve by individuals and businesses are eliminated that can heavily rely on the parallel of lawful money being in circulation.* This amounts to a Shadow Government Banking system for the Federal Reserve that again has caused Plaintiff's Federal Reserve Bank injury. A debt-based system that has denied private banks the ability to use its credit as lawful money and debt leveraged tools to discharge the same is the basis of this claim. As long as this national product promotes tax liability in the public for its unsecured use, then Plaintiff's Federal Reserve Bank reserves the right to completely avoid taxes as its own ability to create money and insurance with its own Central Bank Digital Currency. The same will redeem for the nation's Federal Reserve in dollar- for-dollar increments. Defendant, in this miscellaneous case is chosen because its Central Bank services banks in the District of Columbia ("District") from

4

which Plaintiff's Federal Reserve Bank holds accounts. The same must interface with accounts at National banks or member banks of the Federal Reserve to reserve rights to recover cash as instruments of credit and without being a formidable competitor to the Federal Reserve.

For each County government recording that lists individuals as "owners" of real property is an erroneous act, all meant to generate revenue for the State to repay its debt obligations to the Federal Reserve in exchange for more loans. This method runs likewise for National Banks who offer properties for sale to the public; via realtors as unbanked entities, which is erroneous in nature. Reasonable assumptions may conclude that the Federal Reserve System is an unregulated monopoly on all the private property, assets, and holdings of the public. Highlighted issues of the FRN are:

1. **A check written on a CLOSED account;**

2. **Represents a lien on personal property;**

3. **Forfeits rights of ownership of assets.**

The FRN as a check written on a CLOSED account prevents the Federal Reserve from incurring direct or indirect tax liability from an open account. In other words, the LOSS associated with tax liability would not be recoupable for the Federal Reserve with mandatory interest reporting requirements with the IRS. LOSS in this case must amount to pure profit gains without an obligation to report revenue not supported by the public. Represents a lien on personal property means the unsecured use of the FRN forces the individual to register property purchases and conveyances with the designated County recorder. This tactic makes it systematically impossible for the individual to recoup himself due to land and property use tax fees continuously paid to

the county Treasurer, even after the mortgage is PAID.  Forfeits rights of ownership of assets is supported by the aforementioned that coincides directly with Senate Doc. 43 of the 73rd Congress, 1st Session in terms of individual property ownership.  National banks operate similarly in that they only accept cash deposits; i.e. DEBT, with no opportunity for the Plaintiff's Federal Reserve Bank to exercise independent (shadow) banking with the institution through acts of reverse financing.  National banks are permitted to expand account deposits exponentially through Fractional Reserve Banking in order to pay interest back to the Federal Reserve in exchange for more loans.

Credentials of the Plaintiff's Federal Reserve Bank is matched by the same securities products as national banks and can only qualify for cash disbursements by the Defendant.  Various cards held by the Plaintiff's Federal Reserve Bank only need be programmed to a zero ($0) balance to APPROVE commercial transactions with no beginning or ending balance, which poses no risk factor for the Defendant. Each transaction from cards of the Plaintiff's Federal Reserve Bank will build instant equity and cash value for continued borrowing and tax-free investing.  The quarterly accrued tax billing cycle of 30-60 or 60-90 days (same as cash) will consolidate check payments to the Defendant for cash to be delivered to undisclosed locations of the Plaintiff's Federal Reserve Bank as instruments of CREDIT, or non-taxable INCOME.  No money down methods of finance may also be transferred to various accounts of the Plaintiff's Federal Reserve Bank by FedWire services of the Defendant as foreign source funds.  Receipts from these transactions may be applied towards the next quarterly billing cycle.  Plaintiff's Federal Reserve Bank has filed its own Currency Transaction Report with the Treasury (FinCEN) for cash withdrawals for overdraft protection to National banks as member of the Federal Reserve.  Value from the

Currency Transaction Report is stabilized by the perpetual account balance of zero ($0) maintained by the Plaintiff's Federal Reserve Bank through use of its own cards. Revolving credit is unlimited with Central Bank licensing; thus, making each transaction with cards of the Plaintiff's Federal Reserve Bank a derivative in nature. This includes check payments to the Defendant for quarterly reimbursement. Card transactions will rollover in compounded interest premiums until the principal Treasury (FinCEN) receipt value is satisfied. Once interest matches the principal value, the electronic book entries clear and release at twice its national principal. Plaintiff's Federal Reserve Bank is considered buying back its stock value by way of its own Central Bank that may have multiple members of as authorized card users.

In closing, the Defendant may also provide a Stand-By Letter-of-Credit to be redeemed at any participating national bank or directly with the bank that Plaintiff's Federal Reserve Bank holds an account. By providing a letter of this nature, Plaintiff's Federal Reserve Bank may have its cards programmed to zero ($0) for each authorized user. Instant equity may be established towards the quarterly billing cycle. A consolidated payment to the national bank for cash withdrawal will enable Defendant to service that particular bank with cash. After the national bank receives the necessary electronic book entry, then representatives of Plaintiff's Federal Reserve Bank may retrieve the notes to undisclosed locations for warehousing purposes as illustrated by service mark of the Plaintiff's Federal Reserve Bank. A direct line of credit or Master account with the Defendant may prevent a massive bank run by the Plaintiff's Federal Reserve Bank with multiple card users building exponential interest recoupable in the same value as the principal commercial transaction. However, quarterly withdrawals may eliminate independent

state audits on national banks in favor of a stabilized system of revolving credit that pays for its own operations.

**Respectfully Submitted.**

*[Signature: Senate Doc. 43 of the 73rd Congress, 1st Session]*

*[Signature: Christopher Eric Fite]*

**Senate Doc. 43 of the 73rd Congress, 1st Session**

**Plaintiff to the Central Federal Reserve Bank**

**CERTIFICATE OF SERVICE**

It is hereby certified that representatives of the Plaintiff presented this Miscellaneous case filing by walk-in service to the Angela D. Caesar, Clerk of the U.S. District Court for the District of Columbia on the _1st_ day of July, 2024. Plaintiff also requests this Court and the Defendant to send correspondence to:

**Senate Doc. 43 of the 73rd Congress, 1st Session**
**523 Belden Ave. NE**
**Canton, Ohio 44704**

*Senate Doc. 43 of the 73rd Congress, 1st Session* [signature]

*Senate Doc. 43 of the 73rd Congress* [signature]

*Christopher Cire Fitz* [signature]

**Senate Doc. 43 of the 73rd Congress, 1st Session**

**Plaintiff to the Central Federal Reserve Bank**